UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE HOLTZMAN,

        Plaintiff,                  CIVIL ACTION NO. 04-CV-74523-DT

        vs.                            DISTRICT JUDGE ARTHUR J. TARNOW

DAIMLERCHRYSLER              MAGISTRATE JUDGE MONA K. MAJZOUB
  CORPORATION,
        Defendant.
_____/

**<u>AMENDED ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>**

Before the Court is Plaintiff's Motion to Compel Discovery, filed on October 21, 2005. On October 26, 2005 Judge Arthur J. Tarnow referred this matter to the undersigned for hearing and determination pursuant to 28 USC § 636(b)(1)(A). Defendant's response to Plaintiff's Motion was filed on November 10, 2005, and Plaintiff's reply was filed on November 18, 2005.

On December 1, 2005 the Court scheduled a telephonic conference call with all counsel of record to determine the best approaches to narrowing and resolving the issues raised in Plaintiff's motion. The Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that within 14 days of the date of this Order the deposition of Plaintiff Christine Holtzman will be noticed by Defendant for a date and time certain in the month of January, 2006 and will go forward and proceed until conclusion.

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order Plaintiff will notice the depositions of the following five employees of the Defendant at dates and times certain in January, 2006, and the depositions will go forward and proceed until conclusion:

1

        1.     Steve Bell
        2.     Laurie Maccadino
        3.     Noel Baril
        4.     Michelle Cook
        5.     John Fonger

**IT IS FURTHER ORDERED** that within 7 days from the date of this Order Defendant will file a written response to Plaintiff's proposed protocol, previously attached to Plaintiff's Motion to Compel as **Exhibit G**, in a manner consistent with all issues addressed in the December 1, 2005 conference between this Court and counsel (including but not limited to the issue of the production of the Conflict of Interest Advice Cases assigned to Maccadino in 2003, the Christine Tomlin audit cases, including emails to and from Plaintiff regarding these cases and files assigned to John Fonger). Following Defendant's' submission, counsel will meet and confer and come to agreement regarding a computer access protocol.

**IT IS FURTHER ORDERED** that because Plaintiff continues to claim that records and documents exist which Defendant has not yet produced, and because Defendant, through its counsel, maintains that its document productions have been complete, accurate and fully responsive, and that if any documents have not been produced it is for the reason that said documents do not in fact exist, and inasmuch as there has been no verification provided by Defendant of its counsel's representations regarding the completeness, accuracy and responsiveness of Defendant's document productions to date, or, conversely, that requested documents do not in fact exist, Defendant DaimlerChrysler Corporation will submit affidavits from a person in authority who can attest to the veracity, accuracy, completeness and methodology of each document production response submitted by the defendants to date, or, alternatively, that specific documents have not been produced because they do not in fact exist. . The affidavit will address, but will not be limited to, the production of the Organizational Charts showing the relationship between the Corporate Audit Group and the Business Practices Office.

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order, counsel for all

parties will meet, confer, and resolve their dispute concerning the sufficiency and completeness of the privilege log, along with any ambiguities in language and/or terminology in that log. Furthermore, Defendant will amend or augment any ambiguously presented claims of privilege to conform with the Eastern District's requirements pertaining to privilege logs.

**IT IS FURTHER ORDERED** that Defendant will produce within 14 days of the date of this Order all emails exchanged between Kathy Sellers and Plaintiff between May, 2003 and September, 2003, concerning a report generated by Kathy Sellers in which Sellers referenced specific files for which Plaintiff maintains the closing dates were backdated before the files were actually opened in order to circumvent the normal course of business reporting to the audit committee.

**IT IS FURTHER ORDERED** that counsel for Defendant and Plaintiff will meet and confer within 14 days of the date of this Order to resolve any issues regarding the document attached to Plaintiff's Motion to Compel Discovery as **Exhibit M**.

**IT IS FURTHER ORDERED** that Defendant will produce both RAINER STEIN and HUBERTUS BUDERATH in their respective domiciles in Germany for their discovery depositions at dates and times to be agreed upon in the month of February, 2006, and that both depositions will be timely noticed and will proceed until completed.

**IT IS SO ORDERED**.

Dated: December 15, 2005            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


### Proof of Service

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 15, 2005            s/ Lisa C. Bartlett
                                    Courtroom Deputy

3